Mark S. Olinsky
Scott D. Stimpson (*Pro Hac Vice* Application to be submitted)
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, New Jersey 07102
Tel. (973) 643-7000
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CRESTRON ELECTRONICS, INC., | : | Civil Action No. _____ |
| Plaintiff, | : | |
| vs. | : | **COMPLAINT FOR DECLARATORY JUDGMENT AND JURY DEMAND** |
| LUTRON ELECTRONICS CO., INC., | : | |
| Defendant. | : | |

Plaintiff Crestron Electronics, Inc. ("Crestron"), 15 Volvo Drive, Rockleigh, New Jersey, for its Complaint against Defendant Lutron Electronics Co., Inc. ("Lutron"), 7200 Suter Rd., Coopersburg, Pennsylvania, alleges and states as follows:

### NATURE OF ACTION

1.     This action arises under the Declaratory Judgment Act, 28 U.S.C. §§2201 and 2202 and the patent laws of the United States, Title 35 U.S.C. §1 et seq.

2.     Crestron manufactures and sells, among many other things, keypad products.

3.     Lutron claims to own United States Patent No. D465,460 ("the '460 patent," Exhibit A), entitled "Lighting Control"; and Lutron has previously accused Crestron, its customers, and others of infringing the '460 patent.

4.      Crestron has recently developed a new keypad product known as the Cameo®
"Extended Function" (EF) Keypad Product.  This Cameo® EF Keypad Product includes
control buttons associated with a maximum of eight independent functions, an improvement
over prior Cameo® products which included control buttons for a maximum of six
independent functions.  These functions are initiated by depressing full-width buttons of
various heights and up to four (4) single-height split-width buttons.  Lutron's aggressive prior
actions give Crestron a reasonable and strong apprehension that Lutron will sue Crestron for
infringement of the '460 patent based on the Cameo® EF Keypad Products and their
included split-width buttons.  While Crestron firmly believes the Cameo® EF Keypad
Products do not infringe the '460 patent, Crestron seeks a declaratory judgment of non-
infringement and invalidity of the '460 patent, consistent with the purposes of the
Declaratory Judgment Act.

## THE PARTIES

5.      Crestron is a New Jersey corporation with its principal place of business
located in Rockleigh, New Jersey.  Crestron conducts business and sells its products in this
judicial district.

6.      Crestron is a world-wide leader and pioneer in the advanced control and home
automation industry, and has been innovating for the benefit of individuals, families, and
businesses for almost 40 years.

7.      Today, Crestron has dozens of offices all over the world, and manufactures
more than 1500 products to control audio, video, computer, lighting, and environmental

systems, improving the quality of life in commercial buildings, universities, hotels, hospitals, and homes.

8.     Crestron's founder, George Feldstein, is a known innovator, and has been recognized by many distinguished industry trade organizations, including InfoComm, Custom Electronic Design and Installation Association (CEDIA), The National Systems Contractors Association, Home Technology Specialists of America, and Innovative Housing Technology Awards.

9.     As only one example of his many achievements and recognitions for innovation, in 2007, Mr. Feldstein was awarded the prestigious Lifetime Achievement award from CEDIA – an award that recognizes individuals who have exhibited outstanding, creative, innovative, and visionary leadership in the growth and advancement of the custom electronic systems industry.

10.    On information and belief, Defendant Lutron is a Pennsylvania corporation with its principal place of business at 7200 Suter Rd. Coopersburg, Pennsylvania 18036. Lutron products are sold in this judicial district, and on information and belief Lutron conducts business in this judicial district.

## JURISDICTION AND VENUE

11.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and §1338.

12.    This Court has personal jurisdiction over Lutron because Lutron conducts business in this judicial district.

13.     Venue is proper in this judicial district at least pursuant to 28 U.S.C. §1391(c).

### THE NEW CAMEO® EF PRODUCTS

14.     Crestron makes, sells, and offers for sale electronic goods in the United States.

15.     Crestron has previously developed a keypad that includes a user configurable modular button design which includes as many as six (6) "full-width" buttons (that actuate corresponding switches) in its Cameo Keypad product.  One such Cameo® keypad product is identified by the Crestron Part No. INET-CBD.  As used within the Cameo® keypad product line, a "full-width button" takes up the full width of a keypad, such as the width defined by a "Decora®" size insert (Rectangle: 1.312"W x 2.390"H, with 0.078" corner radius)[1], so that along the lengthwise direction there is only one button.  The height of the Cameo® buttons can be varied, in integer multiples, to allow for fewer than six (6) buttons, of varying size.

16.     Crestron has developed a new Cameo® EF button design (*e.g.*, to actuate newly added microswitch pushbuttons) in which one or both of the two (2) lower full-width buttons of a standard Cameo® keypad can be replaced with two (2) "split-width buttons" that are approximately half the width of a full button.  Example button configurations with two (2) and four (4) half-width buttons are shown below:

---

[1] Decora® is a registered trademark of Leviton Manufacturing, Inc.  A "Decora-size" is recognized by those skilled in the art to be a rectangular cutout in a residential electrical wall-plate having the following dimensions: 1.312"W x 2.390"H and 0.078"corner radius.



17.     Crestron is making preparations to sell the new Cameo® EF Keypad Product line.  Each new Cameo® EF Keypad Product will be sold with a "button kit", which includes two triple-height, full-width buttons, three double-height, full-width buttons, five single-height, full-width buttons, and four single-height, half-width buttons (two pairs).  This button kit is pictured in Exhibit B and shown below:



Cameo® EF Product
Keypad Button Kit

(both Standard Mount and Flush Mount use the same kit)

18.     A primary selling feature of the Cameo® EF Keypad Product is that it allows an end user to configure each keypad into numerous configurations of buttons, including configurations with both full-width buttons and split-width buttons.  The twenty-five (25) possible combinations that include split-width buttons for a standard mount Cameo® EF keypad (*i.e.*, compatible with the industry standard "Decora® cutout" faceplate) are shown in the attached Exhibit C (Cameo® EF Product Standard Mount - Twenty-Five (25) Button Patterns).  The twenty-five (25) possible combinations that include split-width buttons for a flush mount Cameo® EF keypad (*i.e.*, without a "Decora® sized" insert) are shown in the attached  Exhibit D (Cameo® EF Product Flush Mount - Twenty-Five (25) Button Patterns)

19.     Crestron has the intention and ability to sell the Cameo® EF Keypad Product, has manufactured them, and has made meaningful preparation for sales.  Shipping of the Cameo® EF Keypad Product is expected to commence in a matter of weeks, and as such the sales are real and immediate.

## THE '460 PATENT

20.     Lutron claims to be the owner of United States Patent No. D465,460 ("the '460 patent"; Exhibit A).

21.     The '460 patent is entitled "Lighting Control."

22.     The '460 patent includes a single claim: "the ornamental design for a lighting control, as shown and described".

23.     The '460 patent includes six (6) separate designs that are alleged to be embodiments of the same claimed "ornamental design for a lighting control".  These six (6)

separate designs are illustrated through use of twenty (20) figures, that illustrate various combinations showing five (5), six (6) or seven (7) full-width buttons, and variously including or not including inserts (e.g. a well-known "Decora® size" insert).  These six (6) separate designs (alleged to be embodiments of the same invention) are shown in Exhibit E and illustrated below:



24.     Lutron has previously asserted infringement of the '460 patent by Crestron's existing Cameo® keypad product (which only includes full-width buttons), such as Crestron Part No. INET-CBD.

25.     Lutron has accused Crestron, Crestron retailers, and others, of infringing the '460 patent by manufacture and sale of the Cameo® keypad product (INET-CBD).

26.     Crestron and its retailers have denied that any Crestron product infringes the '460 patent.

## CRESTRON'S REASONABLE APPREHENSION

27.     The new Cameo® EF Keypad Products, which include split-width buttons, fall outside any literal or equivalent scope of the '460 patent because Crestron has gone out of its way to create a new product configuration that is so dissimilar to Lutron's that any accusations of infringement cannot stand.  Nonetheless, Lutron's prior conduct indicates that it will likely accuse these new products of infringement and sue for infringement of the '460 patent.

28.     In November of 2009, Lutron served on Crestron and three of its Utah dealers a complaint for patent infringement that was filed in the District of Utah, Central Division ("Utah Complaint").  Upon information and belief, Lutron included these Crestron dealers who simply happen to install Crestron's products in some of their various installations (*i.e.*, home theaters, lighting systems, etc.) as defendants in the Utah action in an effort to manufacture reasons for its questionable choice of Utah as a forum.  Lutron then filed an Amended Complaint in December 2009 ("Utah Amended Complaint").  Crestron has recently answered the Utah Amended Complaint, and moved to transfer the Utah case to New Jersey.

29.     In its Utah Amended Complaint, Lutron asserted among other patents the '460 patent, and it broadly charges the pre-existing Crestron Cameo® keypad product line of infringing the '460 patent.

30.     Crestron reasonably believes that (a) had the new Cameo® EF Keypad Products been on sale at the time of filing the Utah Amended Complaint, Lutron would have charged them with infringement of the '460 patent; and (b) Lutron now will take the unreasonable position that the new Cameo® EF Keypad Products infringe the '460 patent.

31.     Crestron has answered the Utah Amended Complaint, denied all allegations of infringement, and asserted a counterclaim for declaratory judgment of non-infringement and invalidity.  Crestron expects the Utah action soon to be transferred to New Jersey.

32.     Crestron has a reasonable and strong apprehension that Lutron will sue Crestron and allege that use and sale of the new Cameo® EF Keypad Products will infringe the '460 patent.

33.     Crestron strongly believes that button layout patterns resulting from use of the Cameo® EF Keypad Products will not infringe the '460 patent.  The differences are clearly shown in Exhibit F for keypad configurations that include five (5) buttons, Exhibit G for keypad configurations that include six (6) buttons, Exhibit H for keypad configurations that include seven (7) buttons, and Exhibit I for keypad configurations that include eight (8) buttons.

## COUNT FOR DECLARATORY JUDGMENT OF
## NON-INFRINGEMENT AND INVALIDITY OF THE '460 PATENT

34.     Crestron repeats and realleges the averments of paragraphs 1-33 as if fully set forth herein.

35.     An actual controversy exists between Crestron and Lutron as to the infringement and the validity of the '460 Patent, with regard to the new Cameo® EF Keypad Products.

36.     The '460 Patent is invalid for failure to comply with the patent laws of the United States, including the requirements of 35 U.S.C. §§102, 103 and/or 112.

37.     The new Cameo® EF Keypad Products have not infringed, do not infringe, and will not infringe, the '460 Patent.

*- 5-Button Keypad Configurations -*

38.     The Cameo® EF Product "Standard Mount" Pattern No. 2 does not infringe the '460 patent, and more specifically does not infringe the "4th Embodiment" of the '460 patent.  (*See* Exhibit F, Sheet 2 for a side-by-side comparison of the '460 Design Patent 4th Embodiment ('460 Patent Figure No. 15) with the Cameo ® EF Product 5-button keypad configuration Standard Mount Pattern No. 2).

39.     The Cameo® EF Product "Flush Mount" Pattern No. 2 does not infringe the '460 patent, and more specifically does not infringe the "1st Embodiment" of the '460 patent. (Exhibit F, Sheet 3; '460 Fig. 1).

40.     The Cameo® EF Product "Standard Mount" Pattern No. 3 does not infringe the '460 patent, and more specifically does not infringe the "4th Embodiment" of the '460 patent.  (Exhibit F, Sheet 4; '460 Fig. 15).

41.    The Cameo® EF Product "Flush Mount" Pattern No. 3 does not infringe the '460 patent, and more specifically does not infringe the "1st Embodiment" of the '460 patent. (Exhibit F, Sheet 5; '460 Fig. 1).

42.    The Cameo® EF Product "Standard Mount" Pattern No. 6 does not infringe the '460 patent, and more specifically does not infringe the "4th Embodiment" of the '460 patent.  (Exhibit F, Sheet 6; '460 Fig. 15).

43.    The Cameo® EF Product "Flush Mount" Pattern No. 6 does not infringe the '460 patent, and more specifically does not infringe the "1st Embodiment" of the '460 patent. (Exhibit F, Sheet 7; '460 Fig. 1).

44.    The Cameo® EF Product "Standard Mount" Pattern No. 7 does not infringe the '460 patent, and more specifically does not infringe the "4th Embodiment" of the '460 patent.  (Exhibit F, Sheet 8; '460 Fig. 15).

45.    The Cameo® EF Product "Flush Mount" Pattern No. 7 does not infringe the '460 patent, and more specifically does not infringe the "1st Embodiment" of the '460 patent. (Exhibit F, Sheet 9; '460 Fig. 1).

46.    The Cameo® EF Product "Standard Mount" Pattern No. 9 does not infringe the '460 patent, and more specifically does not infringe the "4th Embodiment" of the '460 patent.  (Exhibit F, Sheet 10; '460 Fig. 15).

47.    The Cameo® EF Product "Flush Mount" Pattern No. 9 does not infringe the '460 patent, and more specifically does not infringe the "1st Embodiment" of the '460 patent. (Exhibit F, Sheet 11; '460 Fig. 1).

48.     The Cameo® EF Product "Standard Mount" Pattern No. 10 does not infringe the '460 patent, and more specifically does not infringe the "4th Embodiment" of the '460 patent.  (Exhibit F, Sheet 12; '460 Fig. 15).

49.     The Cameo® EF Product "Flush Mount" Pattern No. 10 does not infringe the '460 patent, and more specifically does not infringe the "1st Embodiment" of the '460 patent. (Exhibit F, Sheet 13; '460 Fig. 1).

50.     The Cameo® EF Product "Standard Mount" Pattern No. 14 does not infringe the '460 patent, and more specifically does not infringe the "4th Embodiment" of the '460 patent.  (Exhibit F, Sheet 14; '460 Fig. 15).

51.     The Cameo® EF Product "Flush Mount" Pattern No. 14 does not infringe the '460 patent, and more specifically does not infringe the "1st Embodiment" of the '460 patent. (Exhibit F, Sheet 15; '460 Fig. 1).

52.     The Cameo® EF Product "Standard Mount" Pattern No. 15 does not infringe the '460 patent, and more specifically does not infringe the "4th Embodiment" of the '460 patent.  (Exhibit F, Sheet 16; '460 Fig. 15).

53.     The Cameo® EF Product "Flush Mount" Pattern No. 15 does not infringe the '460 patent, and more specifically does not infringe the "1st Embodiment" of the '460 patent. (Exhibit F, Sheet 17; '460 Fig. 1).

*- 6-Button Keypad Configurations -*

54.     The Cameo® EF Product "Standard Mount" Pattern No. 1 does not infringe the '460 patent, and more specifically does not infringe the "5th Embodiment" of the '460

patent.  (*See* Exhibit G, Sheet 2 for a side-by-side comparison of the '460 Design Patent 5th Embodiment ('460 Patent Figure No. 17) with the Cameo ® EF Product 6-button keypad configuration Standard Mount Pattern No. 1).

55.    The Cameo® EF Product "Flush Mount" Pattern No. 1 does not infringe the '460 patent, and more specifically does not infringe the "2nd Embodiment" of the '460 patent.  (Exhibit G, Sheet 3; '460 Fig. 7).

56.    The Cameo® EF Product "Standard Mount" Pattern No. 4 does not infringe the '460 patent, and more specifically does not infringe the "5th Embodiment" of the '460 patent.  (Exhibit G, Sheet 4; '460 Fig. 17).

57.    The Cameo® EF Product "Flush Mount" Pattern No. 4 does not infringe the '460 patent, and more specifically does not infringe the "2nd Embodiment" of the '460 patent.  (Exhibit G, Sheet 5; '460 Fig. 7).

58.    The Cameo® EF Product "Standard Mount" Pattern No. 8 does not infringe the '460 patent, and more specifically does not infringe the "5th Embodiment" of the '460 patent.  (Exhibit G, Sheet 6; '460 Fig. 17).

59.    The Cameo® EF Product "Flush Mount" Pattern No. 8 does not infringe the '460 patent, and more specifically does not infringe the "2nd Embodiment" of the '460 patent.  (Exhibit G, Sheet 7; '460 Fig. 7).

60.    The Cameo® EF Product "Standard Mount" Pattern No. 16 does not infringe the '460 patent, and more specifically does not infringe the "5th Embodiment" of the '460 patent.  (Exhibit G, Sheet 8; '460 Fig. 17).

61.     The Cameo® EF Product "Flush Mount" Pattern No. 16 does not infringe the '460 patent, and more specifically does not infringe the "2nd Embodiment" of the '460 patent.  (Exhibit G, Sheet 9; '460 Fig. 7).

62.     The Cameo® EF Product "Standard Mount" Pattern No. 17 does not infringe the '460 patent, and more specifically does not infringe the "5th Embodiment" of the '460 patent.  (Exhibit G, Sheet 10; '460 Fig. 17).

63.     The Cameo® EF Product "Flush Mount" Pattern No. 17 does not infringe the '460 patent, and more specifically does not infringe the "2nd Embodiment" of the '460 patent.  (Exhibit G, Sheet 11; '460 Fig. 7).

64.     The Cameo® EF Product "Standard Mount" Pattern No. 18 does not infringe the '460 patent, and more specifically does not infringe the "5th Embodiment" of the '460 patent.  (Exhibit G, Sheet 12; '460 Fig. 17).

65.     The Cameo® EF Product "Flush Mount" Pattern No. 18 does not infringe the '460 patent, and more specifically does not infringe the "2nd Embodiment" of the '460 patent.  (Exhibit G, Sheet 13; '460 Fig. 7).

66.     The Cameo® EF Product "Standard Mount" Pattern No. 20 does not infringe the '460 patent, and more specifically does not infringe the "5th Embodiment" of the '460 patent.  (Exhibit G, Sheet 14; '460 Fig. 17).

67.     The Cameo® EF Product "Flush Mount" Pattern No. 20 does not infringe the '460 patent, and more specifically does not infringe the "2nd Embodiment" of the '460 patent.  (Exhibit G, Sheet 15; '460 Fig. 7).

68.     The Cameo® EF Product "Standard Mount" Pattern No. 21 does not infringe the '460 patent, and more specifically does not infringe the "5th Embodiment" of the '460 patent.  (Exhibit G, Sheet 16; '460 Fig. 17).

69.     The Cameo® EF Product "Flush Mount" Pattern No. 21 does not infringe the '460 patent, and more specifically does not infringe the "2nd Embodiment" of the '460 patent.  (Exhibit G, Sheet 17; '460 Fig. 7).

70.     The Cameo® EF Product "Standard Mount" Pattern No. 23 does not infringe the '460 patent, and more specifically does not infringe the "5th Embodiment" of the '460 patent.  (Exhibit G, Sheet 18; '460 Fig. 17).

71.     The Cameo® EF Product "Flush Mount" Pattern No. 23 does not infringe the '460 patent, and more specifically does not infringe the "2nd Embodiment" of the '460 patent.  (Exhibit G, Sheet 19; '460 Fig. 7).

72.     The Cameo® EF Product "Standard Mount" Pattern No. 24 does not infringe the '460 patent, and more specifically does not infringe the "5th Embodiment" of the '460 patent.  (Exhibit G, Sheet 20; '460 Fig. 17).

73.     The Cameo® EF Product "Flush Mount" Pattern No. 24 does not infringe the '460 patent, and more specifically does not infringe the "2nd Embodiment" of the '460 patent.  (Exhibit G, Sheet 21; '460 Fig. 7).

*- 7-Button Keypad Configurations -*

74.     The Cameo® EF Product "Standard Mount" Pattern No. 11 does not infringe the '460 patent, and more specifically does not infringe the "6th Embodiment" of the '460

patent.  (*See* Exhibit H, Sheet 2 for a side-by-side comparison of the '460 Design Patent 6th Embodiment ('460 Patent Figure No. 19) with the Cameo ® EF Product 7-button keypad configuration Standard Mount Pattern No. 11).

75.     The Cameo® EF Product "Flush Mount" Pattern No. 11 does not infringe the '460 patent, and more specifically does not infringe the "3rd Embodiment" of the '460 patent.  (Exhibit H, Sheet 3; '460 Fig. 11).

76.     The Cameo® EF Product "Standard Mount" Pattern No. 13 does not infringe the '460 patent, and more specifically does not infringe the "6th Embodiment" of the '460 patent. (Exhibit H, Sheet 4; '460 Fig. 19).

77.     The Cameo® EF Product "Flush Mount" Pattern No. 13 does not infringe the '460 patent, and more specifically does not infringe the "3rd Embodiment" of the '460 patent.  (Exhibit H, Sheet 5; '460 Fig. 11).

78.     The Cameo® EF Product "Standard Mount" Pattern No. 19 does not infringe the '460 patent, and more specifically does not infringe the "6th Embodiment" of the '460 patent.  (Exhibit H, Sheet 6; '460 Fig. 19).

79.     The Cameo® EF Product "Flush Mount" Pattern No. 19 does not infringe the '460 patent, and more specifically does not infringe the "3rd Embodiment" of the '460 patent. (Exhibit H, Sheet 7; '460 Fig. 11).

80.     The Cameo® EF Product "Standard Mount" Pattern No. 22 does not infringe the '460 patent, and more specifically does not infringe the "6th Embodiment" of the '460 patent.  (Exhibit H, Sheet 8; '460 Fig. 19).

81.     The Cameo® EF Product "Flush Mount" Pattern No. 22 does not infringe the '460 patent, and more specifically does not infringe the "3rd Embodiment" of the '460 patent.  (Exhibit H, Sheet 9; '460 Fig. 11).

82.     The Cameo® EF Product "Standard Mount" Pattern No. 25 does not infringe the '460 patent, and more specifically does not infringe the "6th Embodiment" of the '460 patent.  (Exhibit H, Sheet 10; '460 Fig. 19).

83.     The Cameo® EF Product "Flush Mount" Pattern No. 25 does not infringe the '460 patent, and more specifically does not infringe the "3rd Embodiment" of the '460 patent.  (Exhibit H, Sheet 11; '460 Fig. 11).

*- 8-Button Keypad Configurations -*

84.     The Cameo® EF Product "Standard Mount" Pattern No. 12 does not infringe the '460 patent, and more specifically the '460 patent does not include any 8-button keypad embodiments.  (Exhibit I, Sheet 2).

85.     The Cameo® EF Product "Flush Mount" Pattern No. 11 does not infringe the '460 patent, and more specifically and more specifically the '460 patent does not include any 8-button keypad embodiments.  (Exhibit I, Sheet 3).

## **PRAYER FOR RELIEF**

WHEREFORE Plaintiff Crestron respectfully requests that the Court enter judgment against Defendant Lutron, including:

(a)     a declaration that Crestron has not infringed, and is not infringing the '460 Patent in connection with the new Cameo® EF Keypad Products;

(b)      a declaration that every claim of the '460 Patent is invalid;

(c)      an injunction prohibiting Defendant Lutron from alleging infringement of the '460 Patent in connection with the Cameo® EF Keypad Products; and prohibiting any action against Crestron in connection with the new Cameo® EF Keypad Products;

(d)      an award of any damages Crestron has sustained or will sustain;

(e)      a declaration that this case is an "exceptional case" within the meaning of 35 U.S.C. §285 due to, *inter alia*, the above actions of Defendant Lutron;

(f)      an award of costs and attorney fees and other expenses Crestron has been forced to incur; and

(g)      such further relief as the Court may deem just and proper.

SILLS CUMMIS & GROSS P.C.

By:   s/Mark S. Olinsky
           Mark S. Olinsky
           One Riverfront Plaza
           Newark, New Jersey 07102-5400
           (973) 643 7000

           Attorneys for Plaintiff

Dated: April 9, 2010

## JURY DEMAND

Crestron demands trial by a jury.


SILLS CUMMIS & GROSS P.C.

By:   s/Mark S. Olinsky
         Mark S. Olinsky
         One Riverfront Plaza
         Newark, New Jersey 07102-5400
         (973) 643 7000

         Attorneys for Plaintiff

Dated:  April 9, 2010